into the pipes and wells of the defendant. The question was a proper one, under a long series of decisions, as it called for evidence on a matter of science and skill, which exist in reasons rather than in descriptive facts, and which, therefore, cannot be communicated to others not familiar with the subject, so as to possess them with a full understanding of the facts. Such was the decision of the court of appeals in Van Wycklen v. City of Brooklyn, 118 N. Y. 424, 24 N. E. 179, a case over and over again cited and approved in subsequent decisions. In addition to this, it may be said that the answer, which was, "The water came from the surrounding soil into the box," is so absolutely and completely evident, on the facts shown in the record, that it was innocuous. No injury could possibly have resulted to the defendant from its admission, even if the question had been improper. The answer did not connect the pond of the defendant, which was nearly half a mile distant, with the immediate percolation into the works of the defendant, and the answer only stated a manifest fact. The judgment must be affirmed.

Judgment and order affirmed, with costs. All concur.

---

### ANDERSON v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. July 11, 1898.)

DAMAGES—PERSONAL INJURIES—EVIDENCE.

　　In an action to recover damages for injuries sustained by the plaintiff while a passenger upon one of the defendant's cars, two physicians, who had not made an examination of her until 18 months after the accident, testified that she was suffering from a diseased condition which, while it might result from the accident, was not uncommon, and might have proceeded from many natural causes. The testimony of another physician was unsatisfactory in character. *Held*, that the evidence was not sufficient to warrant a finding that the disease was attributable to injuries received in the accident.

Appeal from trial term, Kings county.

Action by Annie E. Anderson against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed on conditions.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John L. Wells, for appellant.
Samuel S. Whitehouse, for respondent.

PER CURIAM. The motion for a nonsuit was properly denied. The plaintiff was thrown from her seat in a trolley car, in which she was riding, by a collision with another car following on the same track. The occurrence of the accident, in the absence of explanation, created a presumption of negligence, and, if plaintiff's story that she was bruised by being thrown against a passenger opposite her was credited by the jury, she was unquestionably entitled to some recovery. The immediate injuries received by the plaintiff were ap-

parently slight, and no award for a large amount could have been made therefor. The serious question litigated before the jury was whether those injuries had caused the diseased condition of the plaintiff which existed at the time of the trial. It was proved by the testimony of two physicians of standing that at this time the plaintiff was suffering from a prolapsed ovary and congestion of the womb, but neither of these physicians made any examination of the plaintiff until a year and a half after the accident. It appears from the evidence of these witnesses that such diseased conditions are not uncommon in women, and proceed from many natural causes. The evidence of a third physician, who saw and treated the plaintiff for her malady, was of a very unsatisfactory character. As we read the evidence, even he did not examine the plaintiff until some months after the accident. He testifies that there was an abnormal retroversion of the womb, which the other physicians disprove; and the condition of the ovary, which they consider the grave element of the plaintiff's present state, this physician neither recognized during his attendance upon her nor did he testify at the trial to its existence. While appreciating the gravity of the plaintiff's disease, we are of opinion that the proof on the trial was not sufficient to warrant the jury in attributing that disease to injuries she received at the time of the accident. At the same time it may be that on another trial further evidence on the subject may be given. We therefore do not deem it wise to prescribe a reduction of the verdict (which, however, in any view of the case is very large, if not excessive) as a condition for the avoidance of a new trial.

The order denying motion for a new trial should be reversed, and a new trial granted, upon appellant paying the trial fee and disbursements of the trial; and, in case of failure to comply with these terms, the order should be affirmed, with costs.

Order denying motion for new trial reversed, and new trial granted, upon appellant within 20 days paying the trial fee and disbursements of the trial; and, in case of such payment being made, the judgment appealed from is vacated. In case of the failure of the appellant to comply with the terms aforesaid, judgment and order appealed from unanimously affirmed, with costs.